IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MYNOR JANDRES-FLORES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-01171 (AJT-LRV) |
| JEFFREY CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Petitioner Mynor Jandres-Flores's Petition for Writ of Habeas Corpus,

filed on May 1, 2026, alleging that he is being unlawfully detained at Farmville Detention Center.

For the reasons stated below, the Petition is DENIED WITHOUT PREJUDICE.

### I.   BACKGROUND

Petitioner is a 37-year-old native and citizen of El Salvador, who entered the United States

without inspection in September 2013, and has been removed five times from the country between

2013 and 2020 on an expedited removal order pursuant to 8 U.S.C. § 1225(b)(1) that was

subsequently reinstated. [Doc. No. 6-2] ¶¶ 5–21. Thereafter, Petitioner re-entered the country

without inspection and has lived here since 2020. [Doc. No. 1] ¶ 23.

On June 30, 2021, Petitioner was encountered by immigration agents in or around Loudoun

County Adult Detention Center, where he was serving a sentence unrelated to this Petition, and

was taken into civil immigration custody. [Doc. No. 6-2] ¶¶ 23, 25. On July 1, 2021, Petitioner

was transferred to the custody of the U.S. Marshal Service to effectuate an arrest warrant for

violation of 8 U.S.C. 1326(a) Reentry After Deportation. *Id.* ¶¶ 24, 26. On October 29, 2021,

Petitioner was convicted of violating 8 U.S.C. 1326(a) in the United States District Court for the

Eastern District of Virginia and sentenced to five months' incarceration. *Id.* ¶ 27. On November 15, 2021, Petitioner was transferred back to civil immigration custody, and on November 18, 2021, Petitioner claimed fear of persecution if returned to El Salvador. *Id.* ¶ 29. On December 2, 2021, an asylum officer determined that Petitioner had a reasonable fear of persecution or torture if returned to El Salvador. *Id.* ¶ 30. On April 4, 2022, Petitioner filed a Form I-589, Application for Withholding of Removal with the Immigration Court, and on June 10, 2022, following a hearing, an Immigration Judge issued a written decision ordering Petitioner removed to El Salvador, and granting Withholding of Removal to El Salvador. *Id.* ¶¶ 34–39; [Doc. No. 1-1]. Neither party appealed that decision, and on July 10, 2022, the Immigration Judge's decision became administratively final. [Doc. No. 1] ¶ 26. On July 13, 2022, Petitioner was released on an Order of Supervision, which included a condition that Petitioner not commit any crimes and a warning that violation of the conditions could result in him being taken back into immigration custody. [Doc. No. 6-2] ¶ 40.

In May 2023, Petitioner was issued an A10 Employment Authorization Card. [Doc. No. 1] ¶ 27. Between September and November of 2024, Defendant was charged and convicted with Driving While Intoxicated in violation of Va. Code Ann § 18.2-260, Failure to Stop at the Scene of an Accident in violation of Va. Code Ann. § 46.2-894, and Driving without a License in violation of Va. Code Ann § 46.2-3. [Doc. No. 6-2] ¶¶ 41–42.

On March 12, 2026, Petitioner reported to the ICE Office in Chantilly, Virginia for a routine check-in on his Order of Supervision, where he was handed a Notice of Revocation of Release pursuant to 8 C.F.R. § 241.4, citing Petitioner's violation of the terms of his release, specifically his October 4, 2024 conviction for driving while intoxicated. *Id.* ¶ 44; [Doc. No. 6-3]. Petitioner was taken into civil immigration custody, served a copy of the Notice, and was provided

an informal interview to respond to the reasons for his re-detention. [Doc. No. 6-2] ¶ 44.

On March 12, 2026, Petitioner was also served a Notice of Third Country Removal indicating that DHS intended to remove him to Mexico. *Id.* ¶ 45. After Petitioner claimed fear of removal to Mexico, he was referred for a third country screening with an asylum officer, who determined that Petitioner did not establish that it was more likely than not that he would be persecuted or tortured in Mexico. *Id.* ¶¶ 45–46. On March 21, 2026, Petitioner was transferred to the Port Isabel Processing Center for removal to Mexico, but after Petitioner refused to leave his pod within the Processing Center for removal to Mexico, he was transferred back to a detention center in Louisiana for a night, and then to Farmville Detention Facility in Virginia, where he remains detained. *Id.* ¶ 47–48; [Doc. No. 1] ¶ 30. On April 9, 2026, ICE agents served Petitioner a Notice of Failure to Comply Pursuant to 8 C.F.R. § 241.4(g) with his Order of Removal, which Petitioner refused to sign and informed the agents that he would continue to refuse to comply. [Doc. No. 6-2] ¶ 49.

On May 1, 2026, Petitioner filed the present Petition alleging that his ongoing detention violates 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001) (Count I) and his constitutional due process rights (Count II); and that he is entitled as a matter of procedural due process to Immigration Judge review of his negative fear determination by an asylum officer (Count III). On May 1, 2026, the Court issued an initial Order, requiring that Petitioner not be removed from this district without this Court's permission and directing Respondents to reply to the Petition and Motion. [Doc. No. 2]. Respondents have filed an opposition to the Petition, in which they argue that the Court should decline to exercise jurisdiction over the case in light of the *D.V.D.* class litigation in the District of Massachusetts. [Doc. No. 6]. On the merits, Respondents argue that Petitioner's detention fails to meet *Zadvydas*'

presumptive six-month reasonableness standard, and that he is not entitled to any additional due process. Respondents represent that they have paused efforts to effectuate Petitioner's removal due to the ongoing habeas action but that they are prepared to immediately "transfer Petitioner again to [the] Southwest Border facility and present Petitioner to Mexico for acceptance." [Doc. No. 6-2] ¶ 50.

## II.    LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).

## III.    DISCUSSION

As an initial matter, Respondents submit that Petitioner's membership in the *D.V.D.* class bars review of his claims before this Court. [Doc. No. 6] at 9–11. In *D.V.D. v. U.S. Dep't of Homeland Sec.*, five noncitizens filed a class action for declaratory and injunctive relief against DHS and others for violating procedural due process by planning to remove noncitizens to a third country without first providing notice and an opportunity to apply for protection from removal to that country. 778 F. Supp. 3d 355 (D. Mass. 2025). On April 18, 2025, the District Court of Massachusetts granted the plaintiffs' class certification and a preliminary injunction, requiring DHS to comply with certain procedures before initiating removal to a third country. *Id.* at 393–94. The class consists of:

> All individuals who have a final removal order issued in proceedings under Section 240, 241(a)(5), or 238(b) of the INA (including withholding-only proceedings) whom DHS has deported or will deport on or after February 18, 2025, to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed.

*Id.* at 378. On June 23, 2025, the Supreme Court granted the Government's application to stay the

preliminary injunction, which is currently on appeal before the First Circuit. *Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153 (2025).

This Court has previously rejected Respondents' argument concerning the impact of the *D.V.D.* litigation, explaining that because "[t]here has been no final judgment on the merits in *D.V.D.*, nothing in that litigation prevents this Court's review of petitioner's claims." *Serpas v. Simon et al.*, No. 1:25-CV-02369-AJT-WBP, 2026 WL 1244544, at *2 (E.D. Va. Feb. 3, 2026) (declining to dismiss Petitioner's claims concerning due process protections of noncitizens subjected to a third-country removal). For the same reasons discussed in *Serpas*, the Court declines to dismiss the Petition on the ground that he is a member of the class in the *D.V.D.* litigation.

In Counts I and II of the Petition, Petitioner argues that his continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in *Zadvydas v. Davis*, and his due process rights because his "removal to Mexico is not reasonably foreseeable." [Doc. No. 1] ¶ 35. Respondents contend that Petitioner, who has been detained in immigration detention since March 12, 2026, and thus for less than three months, fails to demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future. [Doc. No. 6] at 11–14. The Court agrees.

Under 8 U.S.C. § 1231, which applies to individuals like Petitioner that have a final order of removal, noncitizens shall be detained during the ninety (90) day "removal period" in order to execute their removal, and certain noncitizens may be detained "beyond the removal period."[1] 8 U.S.C. § 1231(a)(1)-(2), (6). The statute is silent as to how long an individual can be detained for,

---

[1] Under the statute, the removal period begins on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

a question the Supreme Court considered in *Zadvydas v. Davis*, where it held that detention pursuant to Section 1231 must be "only for a period *reasonably necessary* to secure the [noncitizen's] removal," and that the detention of a post-removal order noncitizen is "presumptively reasonable" for six months, after which an individual is entitled to habeas relief upon demonstration that the detention is "indefinite"—*i.e.*, that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. 678, 682, 699–701 (2001); *see also Clark v. Suarez–Martinez*, 543 U.S. 371, 377–78 (2005) (extending *Zadvydas* to noncitizens ordered removed who are inadmissible under § 1182). "If the [noncitizen] makes these prima facie showings, the burden shifts to the government to provide evidence in rebuttal." *Menghua Wan v. Crawford*, 2014 WL 970180, at *3 (E.D. Va. Mar. 12, 2014) (citing *Zadvydas*, 533 U.S. at 701).

It is undisputed that Petitioner is being detained pursuant to a final order of removal issued pursuant to 8 U.S.C. § 1231 that became final on July 10, 2022. [Doc. No. 1] ¶ 26; [Doc. No. 6] at 9. Based on the current record, Petitioner has failed to satisfy his burden under *Zadvydas* to show that he is being deprived of due process. First, he has been in detention for significantly less than the six-month period which the Supreme Court has recognized as "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. Although this presumption is rebuttable, the Court finds that Petitioner has not pointed to sufficient facts to rebut that presumption here, particularly given his immigration history, which includes five prior removals to El Salvador, and most recently his own conduct at the Port Isabel Processing Center that may have contributed to Respondents' delay in removing him. For these reasons, Petitioner has failed to overcome the presumption that his present custody does not violate due process.

In Count III, Petitioner argues that he is entitled to Immigration Judge review of his third

country removal screening. [Doc. No. 1] ¶¶ 39–44. Respondents submit that the regulations do not entitle Petitioner to review by an immigration judge of a negative finding regarding fear of being removed to a third country not identified on the reinstated removal order and that USCIS's March Guidance regarding third country removals satisfies Petitioner's due process rights.[2] [Doc. No. 6] at 19–22. This Court has previously rejected Respondents' arguments on this issue, holding in a similar case that noncitizens, such as Petitioner, are entitled to Immigration Judge review of the asylum officer's negative fear determination as a matter of procedural due process. *See* Order, *Benitez Pineda v. Noem et al.*, No. 1:25-cv-2337 (E.D. Va. Mar. 2, 2026), Dkt. No. 17 (addressing whether Petitioner was entitled to immigration judge review of any claim of fear removal to a third country, effectuated pursuant to the Government's March 30, 2025, guidance). For the reasons discussed in *Benitez Pineda*, the Court finds that Petitioner is entitled to immigration judge review of any negative fear determination to a third country of removal, as described in the regulations governing the analogous context, 8 C.F.R. §§ 208.31, 1208.31.

## IV.   CONCLUSION

For the reasons stated above, the Petition is DENIED WITHOUT PREJUDICE to being reconsidered if Petitioner remains in custody for more than six months; and it is hereby

**ORDERED** that Respondents and all of their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are ENJOINED from removing Petitioner from this judicial district and the continental United States

---

[2] On March 30, 2025, the Secretary of Homeland Security issued a memorandum entitled "Guidance Regarding Third Country Removals," in which she outlined the procedures the agency would follow for removal of noncitizens with a final order of removal to third countries. *See* [Doc. No. 6-1]. The memorandum does not reference any review by an immigration judge and provides, in relevant part, that "[i]n cases where the [noncitizen] affirmatively states a fear, USCIS will generally screen the alien within 24 hours of referral from the immigration officer. . . . USCIS will determine whether the [noncitizen] would more likely than not be persecuted on a statutorily protected ground or tortured in the country of removal. If USCIS determines that the [noncitizen] has not met this standard, the [noncitizen] will be removed." *Id.*

unless (1) he has first received review by an immigration judge, pursuant to 8 C.F.R. § 208.31(g), of the United States Citizenship and Immigration Services asylum officer's negative decision regarding whether he has a reasonable fear of persecution or torture if removed to that third country; and (2) all other requirements of 8 C.F.R. § 208.31(g) have been satisfied.

The Clerk is directed to send this Order to all counsel of the record, and to remove this civil action from the active docket of the Court.

June 4, 2026
Alexandria, Virginia

Anthony J. Trenga
United States District Judge

8